**Vicente JIMENEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 03–74813.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2005.

Decided Dec. 8, 2005.

Nancy Ann Fellom, Esq., Fellom & Solorio, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office Of The District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Ernesto H.

Molina, Jr., Esq., U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FARRIS, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Jimenez was born in Guanajuato, Mexico, on August 26, 1973. He entered the United States without inspection in September 1989, and has remained in the country since then. He was married in 1992, and is the father of three United States citizen sons. Although he was not authorized to work in this country, Jimenez began working as a dishwasher in San Francisco, in October 1989. He filed a federal income tax return for the first time in 1990, and has filed returns every year since then. Jimenez represents that in order to work and pay taxes, he made up a social security number and used it until 2001, when he secured a valid social security number.

In September 2001, Jimenez was served with a Notice to Appear charging him with being removable as an alien who had not been admitted or paroled into the United States. Jimenez subsequently admitted the factual allegations and conceded the charge of removability. He withdrew his applications for asylum, withholding of removal and protection under Article 3 of the Convention Against Torture. Instead, he applied for cancellation of removal pursuant to § 240A(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b).

Following a hearing, an Immigration Judge ("IJ") found that Jimenez met the physical presence requirement for relief and had not been convicted of any crime that would preclude relief, but held that Jimenez was not a person of good moral character as required by 8 U.S.C. § 1229b(b)(1)(B). We conclude that this holding was based on the IJ's determination that Jimenez's use of a false social security number precluded a finding of good moral character.[1] The Board of Immigration Appeals ("BIA") affirmed the IJ's decision without an opinion.[2] Jimenez filed a timely petition for review with this court.

Under 8 U.S.C. § 1252(a)(2)(D), our jurisdiction is limited to "review of constitutional claims or questions of law raised upon petition for review...." Direct judicial review of an adverse moral character finding is prohibited under the REAL ID Act if the IJ's decision involved a discretionary finding. See REAL ID Act of 2005 §§ 101(f), 106(a)(1)(B), Pub.L. No. 109–13, Div. B., 119 Stat. 231 (2005). Here, the IJ based his decision in part on a per se finding of a lack of good moral

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The IJ noted:
He obtained a driver's license using a false social security number.
He's worked in the United States using a false social security number.
He's filed taxes in the United States using a false social security number. In the aggregate, use of a fraudulent social security number, I would find, negates against him for good moral character.

2. Where the BIA affirms an IJ's decision without an opinion, we review the decision of the IJ as if it were that of the BIA. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003); *Alaelua v. INS*, 45 F.3d 1379, 1381–82 (9th Cir.1995).

character under 8 U.S.C. § 1101(f).[3] As the IJ's interpretation and application of 8 U.S.C. § 1101(f)(3) raises questions of law, we have jurisdiction to consider this petition.

■ We grant the petition for review and remand because the IJ's determination that Jimenez's use of a false social security number precluded him from possessing the requisite good moral character is wrong as a matter of law. This conclusion is compelled by our decision in *Beltran–Tirado v. INS*, 213 F.3d 1179 (9th Cir.2000). The impact of *Beltran–Tirado* on this case is clear from its opening paragraph:

> Octavia Beltran–Tirado, a Mexican national and citizen, lived in the United States for nineteen years using the name and Social Security number of a woman whose Social Security card Beltran apparently found on a bus. In 1991, Beltran was arrested and convicted of two crimes because she wrote her false Social Security number on an employment verification form in order to obtain employment. After she served her sentence, the U.S. Immigration and Naturalization Service ("INS") sought to deport her. Beltran then attempted to acquire lawful permanent residence in this country by applying for "registry" under 8 U.S.C. § 1259. The Board of Immigration Appeals denied her request on the ground that her use of a false Social Security number constituted crimes of "moral turpitude," and that Beltran was therefore statutorily ineligible for registry. The Board also denied registry as a matter of discretion. We reverse. Beltran's crimes did not establish "moral turpitude" within the meaning of the Immigration and Nationality

Act. Moreover, the Board's legal error in applying the statute infected its exercise of discretion; we therefore reverse and remand to the Board for a new exercise of discretion.

*Id.* at 1181 (footnote omitted).

Because we cannot reconcile the IJ's perspective on the legal consequences of using a false social security number with our opinion in *Beltran–Tirado*, we grant the petition for review. The matter is remanded to the BIA to consider Jimenez's application for cancellation of removal in light of our holding that his use of a false social security number does not preclude him from possessing the requisite good moral character. We express no opinion on whether Jimenez in fact possesses a good moral character or whether he meets the other criteria for relief under 8 U.S.C. § 1229b(b).

The petition for review is GRANTED and this matter is REMANDED.

---

**3.** Although the IJ does not identify which statutory ground he relies upon, it is apparent that he relied on 8 U.S.C. § 1101(f)(3), which cross-references 8 U.S.C. § 1182(a)(2)(A)(i), which refers to "moral turpitude."